IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEVEARL L. BACON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-841 JJF |
| | : | |
| EDMUND M. HILLIS and, | : | |
| ANGELO FALASCA, | : | |
| | : | |
| Defendants. | : | |

Devearl L. Bacon, <u>Pro Se</u> Plaintiff.

**<u>MEMORANDUM OPINION</u>**

October 25, 2005
Wilmington, Delaware

Farnan, District Judge.

The Plaintiff, Devearl L. Bacon, a pro se litigant who is presently incarcerated, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, Plaintiff's Complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee of $7.50. Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1] If the Court finds Plaintiff's

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen

1

Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as the appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual

---

prisoner in forma pauperis complaints seeking redress from governmental entities, officers, or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

2

allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2]
Consequently, a claim is frivolous within the meaning of Section
1915 (e)(2)(B) if it "lacks an arguable basis either in law or in
fact." <u>Id.</u>

## II. DISCUSSION

By his Complaint, Plaintiff alleges that his attorney,
Defendant Edmund M. Hillis ("Hillis"), Assistant Public Defender,
and his attorney's supervisor, Defendant Angelo Falasca
("Falasca"), Chief Deputy Public Defender, violated his
constitutional right to due process by excessive delay in
providing Plaintiff with copies of the transcript of his trial.
Plaintiff also alleges a violation of his constitutional right to
be free from cruel and unusual punishment, though he alleges no
facts in support of that allegation.  To compensate him for these
violations, Plaintiff seeks monetary relief in the amount of
$9,000,000 from Hillis and Falasca.

In <u>Black v. Bayer</u>, the Court of Appeals for the Third
Circuit reaffirmed its "longstanding rule" that "public defenders
. . . acting within the scope of their professional duties are
absolutely immune from civil liability under § 1983."  672 F.2d

---

[2]<u>Neitzke</u> applied § 1915(d) prior to the enactment of the
Prisoner Litigation Reform Act of 1995 (PLRA).  Section
1915(e)(2)(B) is the re-designation of the former § 1915(d) under
PLRA.  Therefore, cases addressing the meaning of frivolous under
the prior section remain applicable.  <u>See</u> § 804 of the PLRA,
Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

309, 320 (3d Cir. 1982).  Plaintiff here does not allege that
Hillis and Falasca were acting outside of the scope of their
professional duties.  Thus, they are absolutely immune from the
relief sought by Plaintiff.  The Court concludes that this is an
action brought by a prisoner in forma pauperis, in which the
Plaintiff seeks monetary relief from a defendant who is immune
from such relief.  Under 28 U.S.C. § 1915(e)(2)(B)(iii) and 28
U.S.C. § 1915A(b)(2), the Court must dismiss such actions.

    An appropriate order will be entered.

4